IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                      No. 08-CR-2338 JEC

ROMMIE WOODARD,

        Defendant.

## ORDER

       THIS MATTER came before the Court for trial on May 18, 2010 through May 24, 2010. The jury returned a verdict of guilty on the sole count of unlawfully, knowingly and intentionally possessing with intent to distribute 100 kilograms and more of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  During trial, Defendant filed a Motion to Suppress (Doc. 89), which I granted. Subsequently, the Government filed its Motion to Reconsider (Doc. 90), which I denied.  I now enter this written Order consistent with my oral rulings at trial.

       During trial, Defense counsel received from the Government a Drug Enforcement Administration (DEA) Report of Investigation ("Report"), attached as Exhibit B to Defendant's Motion.  This document establishes that two cellular telephones seized from inside the driver compartment of the tractor-trailer vehicle driven by Defendant Woodard pursuant to his lawful arrest on September 15, 2008 were not searched until April 14, 2009, nearly seven months after the arrest justifying the warrantless seizure.  On April 14, 2009, the phones were in the custody of the DEA, they were turned on and the battery compartment covers removed to retrieve

information consisting of the phone, model and serial numbers.  This identifying information was then provided on an Application and Affidavit for Search Warrant, which did not expressly indicate the appreciable time lag between the seizure and the initial search.  A warrant was issued, permitting the prosecution to delve deeper into the more private, substantive content of the phones and retrieve records.  The parties argued on the record during trial, both orally and in writing, as to the significance of the delayed search of the phones.

It is clear that the initial seizure in this case was lawful under the well-established "incident to arrest" exception to the warrant requirement recognizing the need to preserve evidence that might be readily destroyed.  *Silvan W. v. Briggs*, 309 Fed.Appx. 216, 255 (10th Cir. 2009) (citing *United States v. Finley*. 477 F.3d 250, 260 (5th Cir. 2007), *cert denied* 549 U.S. 1353 (2007)).  In this regard, the Tenth Circuit has likened the search of the contents of a cell phone to the search of a closed container in the area of the arrestee's immediate control.  *Id*. (citing *United States v. Donnes,* 947 F.2d 1430, 1437 (10th Cir. 1991)).

In his Motion, Defendant sought exclusion of the cell phone records, including calls made and received, and all testimony and exhibits derived therefrom as fruit of the unlawful search on April 14, 2009.  Defendant argued that the information accessed was personal, private, and protected.   Defendant asserted that the warrantless search without exigency or consent violated the Fourth Amendment even if there was probable cause.  *See* Motion at 6 (citing *Walter v. United States*, 447 U.S. 649, 654 (1980)).  Defendant further argued that the Report, disclosed for the first time at trial, was directly contrary to the warrant application and affidavit insofar as the application failed to delineate the lapse in time.   Moreover, the information later procured through execution of the search warrant was tainted because the warrant was obtained through information learned from the warrantless search.  Finally, the good faith exception to

suppression should not apply because the same officer who conducted the initial warrantless search got the warrant based upon misrepresenting (through his omission) that the search was incident to arrest, and he then executed the warrant.

The Government argued the case of *United States v. Murphy*, 552 F.3d 405 (4th Cir. 2009), which relies on *United States v. Edwards*, 415 U.S. 800 (1974), for the proposition that "once the cell phone was held for evidence, other officers and investigators were entitled to conduct a further review of its contents . . . without seeking a warrant." *Murphy*, 522 F.3d at 412. In *Murphy*, however, the defendant was arrested after a lawful traffic stop and his cell phone was seized contemporaneous to the arrest. An initial search of the phone's contents was performed at the scene of the arrest and was actually conducted at the defendant's request.[1]

At issue in *Edwards* was the seizure of a defendant's clothing approximately ten hours after his arrest while he was in custody. The Sixth Circuit Court of Appeals upheld the district court's suppression of the evidence, holding that "a warrant is required where the search occurs after the administrative mechanics of arrest have been completed and the prisoner is

---

[1] Most courts considering the question have concluded that officers may retrieve text messages and other information from cell phones seized in a search incident to a lawful arrest. *See, e.g., United States v. Murphy*, 552 F.3d 405, 411 (4th Cir. 2009); *United States v. Finley*, 477 F.3d 250, 259-60 (5th Cir. 2007); *United States v. Wurie*, 612 F. Supp. 2d 104, 110 (D. Mass. 2009); *United States v. Santillan*, 571 F. Supp. 2d 1093, 1102-03 (D. Ariz. 2008); *United States v. Deans*, 549 F. Supp. 2d 1085, 1094 (D. Minn. 2008). Others have invalidated warrantless searches of cell phones seized incident to arrest. *See, e.g., United States v. Quintana*, 594 F. Supp. 2d 1291, 1301 (M.D. Fla. 2009); *United States v. McGhee*, No. 8:09CR31, 2009 U.S. Dist. LEXIS 62427 (D. Neb. July 21, 2009); *United States v. Wall*, No. 08-60016-CR, 2008 U.S. Dist. LEXIS 103058 (S.D. Fla. Dec. 22, 2008); *United States v. Park*, No. CR 05-375 SI, 2007 U.S. Dist. LEXIS 40596 (N.D. Cal. May 23, 2007). No case this Court found has considered the particular question presented here: Whether, even assuming a minimally intrusive search for serial and phone numbers can be performed incident to (or reasonably contemporaneous with) a lawful arrest, the same type of warrantless search can be done seven months later at a different location.

incarcerated." *Edwards*, 415 U.S. at 805. The Supreme Court reversed, finding that the search was lawful because the mechanics of the arrest were still underway, as the jail had been unable to provide the defendant with substitute clothing during its usual booking procedure because no clothing was available and the defendant could not be left unclothed. *Edwards*, then, is distinguishable on its facts, as the late seizure of clothing from the defendant's person was reasonably contemporaneous with the arrest and was a continuation of booking procedures. Here, it cannot be said that the mechanics of Woodard's arrest were still underway seven months later, rendering *Edwards* and *Murphy* inapposite.

The Government also argued that the type of information taken from these phones on April 14, 2009 is akin to biographical information that can be lawfully solicited from a defendant. Indeed, this Court agrees that an individual's privacy interest in identifying information such as a serial number is significantly lower than in the host of personal information stored in modern cellular phones. *See, e.g.,* Matthew E. Orso, *Cellular Phones, Warrantless Searches, and The New Frontier of Fourth Amendment Jurisprudence*, 50 Santa Clara L. Rev. 183 (2010) (suggesting, *inter alia*, a workable standard would allow law enforcement officers to view cell phone "coding information" incident to a lawful arrest while prohibiting them from accessing "content-based" information without a warrant). At present, however, the Court finds no authority upon which it may remove categories of information found on cell phones from Fourth Amendment strictures and it must, instead, apply the governing law as it exists.

In summary, I determined on the particular facts of this case that: (1) the Motion to Suppress was proper for consideration during trial because the facts giving rise to the supporting argument were disclosed by the government for the first time during trial, *See* Fed R. Crim P.

Rule 12(e); (2) the Fourth Amendment was implicated by the search of the phones as conducted in this particular case; (3) this search could not be justified as "incident to arrest" because it occurred seven months after the arrest; (4) the Government did not meet its burden to establish inevitable discovery doctrine applied; and (5) suppression of all evidence flowing from the unlawful search of the phones on April 14, 2009, including the information obtained through execution of the search warrant on May 6, 2009, was the proper remedy in this case. Accordingly, I granted the Motion, struck the relevant evidence from the record, and instructed the jury to disregard the evidence it had heard pertaining to the stricken telephone evidence.[2]

WHEREFORE,

**IT IS ORDERED** that Defendant's Motion to Suppress (Doc. 89) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Reconsider (Doc. 90) is **DENIED.**

Dated June 7, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] I note that the lawfully seized cellular phones themselves remained in evidence.