## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**vs.**            **Cr. No.  08-2338 JCH**

**ROMMIE WOODARD,**

     **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion for Release Pending Appeal* [Doc. No. 149].  The Defendant, who has been convicted of a drug trafficking crime by a jury and sentenced to a term of imprisonment, moves the Court to continue his conditions of release while his appeal to the Tenth Circuit is pending. The Court has reviewed the motion and the Government's response.  After considering the arguments of counsel and the relevant law, the Court concludes that the motion should be denied.

## BACKGROUND

On September 15, 2008, law enforcement stopped the tractor-trailer driven by Defendant at the Port of Entry near Gallup, New Mexico.  Upon inspection of the truck, officers discovered and seized marijuana in the trailer, along with two cell phones in the cab.   They then arrested Defendant. Approximately seven months later, DEA task force officer Stephen Surprenant applied for a warrant to search the records of the cell phones.  According to the affidavit in support of the search warrant, Surprenant accessed the phones to obtain the subscriber numbers and service information *incident to Defendant's arrest* on September 15, 2008.   This was the information that the government

initially disclosed to the Defendant during discovery.

Defendant's trial began on May 18, 2010. That evening, counsel for the government disclosed to Defendant's attorney for the first time that Surprenant had written a report showing that Surprenant had learned the subscriber information for the cell phones not on September 15, 2008, as he stated in his affidavit, but rather seven months later on April 14, 2009, when he opened the evidence bag containing the cell phones and obtained the information by searching the phone without a warrant. Because Defendant's counsel had been led to believe that the search of the phones had been incident to her client's arrest, she did not file a pretrial motion to suppress the evidence borne of that search. After learning that it was a warrantless search conducted months after the arrest, Defendant's counsel immediately filed a motion to suppress. During the course of the trial, evidence was presented regarding the seizure of the cell phones, the fact that the government obtained a warrant, and the discovery of cell phone accounts for one Will Munoz and a disconnected phone. The evidence showed that calls were made between and among these two accounts, the two phones seized from Defendant's truck, and Mexico. Further, the evidence would not have been discovered but for the account information learned from the illegal search of the two seized phones. As a result of the foregoing, the trial judge granted Defendant's motion to suppress and instructed the jury to disregard the cell phone evidence that had already been admitted. However, the trial judge denied Defendant's motion for a mistrial. On May 24, 2010, a jury convicted Defendant of possession with intent to distribute 100 kilograms or more of marijuana.

After Defendant's conviction, the trial judge permitted Defendant to remain under the same conditions of release that had been in effect prior to his trial. On December 1, 2011, this Court sentenced Defendant to 60 months imprisonment but allowed him to remain on conditions of release until April 11, 2012, when he was required to voluntarily surrender to the Bureau of Prisons. On

April 9, 2012 [Doc. No. 155], this Court entered an Order extending Defendant's date of voluntary surrender to May 9, 2012.

From the time of his arrest in September of 2008 until the present, Defendant has complied with all conditions of his release.

## <u>DISCUSSION</u>

Defendant's motion for release while his appeal is pending is governed by 18 U.S.C. § 3143(b)(1), which provides in pertinent part:

> **Release or detention pending appeal by the defendant**.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>  (i) reversal,
>  (ii) an order for a new trial,

The parties do not dispute that Defendant is not likely to flee or pose a danger to the safety of another person or to the community.  They also agree that Defendant's appeal is not for the purpose of delay.  Thus, the Court considers these elements to be satisfied, and the only questions raised by Defendant's motion are (1) whether Defendant's appeal raises a substantial question of law or fact that is likely to result in reversal or an order for a new trial, or (2) whether there are exceptional reasons to justify Defendant's continued release.

I.      **SUBSTANTIAL QUESTION OF LAW OR FACT**

Section 3143(b)(1) requires the court to make a two-step determination in order to grant bail pending appeal.  First, the court must decide that the appeal raises a "substantial" question of law or fact.  *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (en banc).  Second, "if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 24 (3d Cir.1985)).

The Tenth Circuit explained that "a substantial question is one of more substance than would be necessary to a finding that it was not frivolous.  It is a close question or one that very well could be decided the other way." *Affleck*, 765 F.2d at 952 (internal quotation marks omitted).  The Tenth Circuit has declined to "define blanket categories for what will constitute 'substantial' questions." *Id*.  Rather,  "whether a particular question is 'substantial' must be determined on a case-by-case basis[.]" *Id*.

Defendant identifies one issue that he contends presents a substantial question of law or fact—whether the trial judge erred by refusing to grant a mistrial after illegally obtained evidence was presented to the jury.  However, lacking from the Defendant's motion is an adequate explanation of the nature of the suppressed evidence, its relevance to the charge against him, and how he was prejudiced by the admission of the evidence.  Further, Defendant provides no specific information regarding the trial judge's instruction to the jury to disregard the evidence.  Defendant does argue in conclusory fashion that a curative instruction to the jury to disregard the evidence such as the one given by the trial judge "is not sufficient to cure the error where the error is likely to make a sufficiently strong impression on the jury that it will be unable to disregard it." *United States v. Sands*, 899 F.2d 912, 915 (10th Cir. 1990).  However, with virtually no explanation of the content,

4

duration, or impact of the evidence, the Court is unable to determine how it related to the charges against the Defendant and thereby assess whether the trial judge's decision was "a close question or one that very well could be decided the other way."

Furthermore, the Tenth Circuit will review the district judge's denial of the motion for new trial for abuse of discretion. *United States v. Gwathney*, 465 F.3d 1133, 1144 (10th Cir. 2006). "In determining whether a new trial is required after a witness offers improper information, the Tenth Circuit considers (1) whether the prosecutor acted in bad faith, (2) whether the district court limited the effect of the improper statement through its instructions to the jury, and (3) whether the improper remark was inconsequential in light of the other evidence of the defendant's guilt." *United States v. Lamy*, 521 F.3d 1257, 1266 (10th Cir. 2008) (quotation omitted). Again, with an absence of information or argument from the Defendant on these points, the Court is at a loss to determine whether the denial of the motion for new trial was a close question.

Based on the foregoing, the Court simply cannot conclude that the trial judge's denial of the Defendant's motion for new trial presents a substantial question of law or fact. Having made that determination, the Court need not reach the second step of the analysis, whether the trial judge's decision is likely to result in reversal or an order for a new trial.

## II.     EXCEPTIONAL REASONS

In the alternative, Defendant argues that under 18 U.S.C. § 3145(c), there are exceptional reasons that justify his continued release. That statute provides, in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

5

Thus, § 3145(c) allows a defendant to obtain release by meeting the conditions of release set forth in 18 U.S.C. § 3143(a)(1) and by making a clear showing of exceptional reasons why his detention would not be appropriate.  Under § 3143(a)(1), a defendant must show, by clear and convincing evidence, that he was not "likely to flee or pose a danger to the safety of any other person or the community if released."  As previously noted, the parties have already stipulated to this requirement.  In order to benefit from § 3145(c), a defendant does not have to show, as he does under § 3143(a)(2), that he is likely to prevail on a motion for acquittal or new trial, or that the government had recommended no sentence of imprisonment.  *United States v. Kinslow*, 105 F.2d 555, 557 (10th Cir. 1997).  Thus, all the remains is for the Court to determine whether Defendant has met his burden to demonstrate that there are exceptional circumstances why his detention would not be appropriate.

"[E]xceptional means clearly out of the ordinary, uncommon, or rare."  *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (quotation omitted).  An assessment of reasons proffered as the basis for release pending appeal requires "a case by case evaluation."  *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).  In *DiSomma*, the court concluded that exceptional circumstances must refer to "a unique combination of circumstances giving rise to situations that are out of the ordinary."  "[A] wide range of factors may bear upon the analysis."  *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).  A district court has "broad discretion . . . to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct."  *Id.*  (quotation omitted).  The question is "whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released . . .) it would be unreasonable to incarcerate the defendant" pending appeal.  *Id.* at 1019.

6

It is not entirely clear from Defendant's brief what exceptional reason he is proffering as justification for release pending his appeal.  On one hand, he does discuss his personal situation—his strict adherence to conditions of release for three and a half years, his poor health, his close relationship to his children, grandchildren and sister, and his physical disabilities.  However, these circumstances are not enough to qualify as an "exceptional reason" within the meaning of the statute.  *See United States v. Wages*, 271 Fed. Appx. 726, 727-28, 2008 WL 795095 (10th Cir. Mar. 26, 2008) (declining to find an "exceptional reason" based on defendant's age (53), lack of prior criminal record, use of a wheelchair, need for a special mattress to avoid pain, limited ability to hear, and need to care for his elderly mother) (unpublished) (citing cases).  On the other hand, Defendant suggests that his exceptional reason is the legal issue he presents on appeal, to wit, the late disclosure of information regarding the improper search of the cell phones found in his truck and the propriety of the trial judge's decision to deny his motion for a new trial. Doc. No. 149 at 5-7. Again, however, the Defendant does not explain how his appeal of the trial judge's ruling is an "exceptional circumstance" justifying release under § 3145(c).  Many convicted defendants appeal the trial judge's rulings admitting evidence or denying motions for new trial.  On the record currently before the Court, the Defendant has made an insufficient showing that the present circumstances are exceptional.  Thus, the Court will deny his motion for release under § 3145(c).

**IT IS THEREFORE ORDERED** that *Defendant's Motion for Release Pending Appeal* [Doc. No. 149] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**