## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff,**

vs.                              **Cr. No. 08-2338 JCH**

ROMMIE WOODARD,

        **Defendant.**


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Renewed Motion for Release Pending Appeal* [Doc. No. 160] and Defendant's *Motion Requesting Ruling on Defendant's Renewed Motion for Release Pending Appeal (Filed May 25, 2012), in Light of the Tenth Circuit's Decision Reversing and Remanding* [Doc. No. 163].  Defendant, who has been convicted of a drug trafficking crime by a jury and sentenced to a term of imprisonment, argues that he meets all of the criteria for release under 18 U.S.C. §§ 3143(b) and 3145(c) and asks the Court to order that he be released from custody pending appeal.  The Court has reviewed the motions and the Government's response [Doc. No. 161].  After considering the arguments of counsel and the relevant law, the Court concludes that *Defendant's Renewed Motion for Release Pending Appeal* should be denied.

## BACKGROUND

On March 8, 2012, Defendant filed *Defendant's Motion for Release Pending Appeal* [Doc. No. 149].  Defendant argued:  that he did not pose a risk of flight; that he was not a danger to the community; that his appeal was not filed for purposes of delay; that his appeal would raise a substantial question of law or fact; and that his case presented "exceptional reasons" to justify continuing his conditions of release pending appeal.  The Government's response conceded the

first three criteria but argued that Defendant did not meet the last two criteria for release.  [Doc. No. 153]  The appellate issue relied on in Defendant's March 8, 2012 motion was denial of a mistrial after illegally obtained evidence was presented to the jury (the cell phone evidence). This Court denied the motion for release, concluding that this appellate issue did not present a substantial question of law or fact under 18 U.S.C. § 3143(b).  The Court also concluded that Defendant had not shown "exceptional reasons" under 18 U.S.C. § 3145(c).  Defendant's motion had suggested that "exceptional reasons" were found in his appellate issue and in "his personal situation—his strict adherence to conditions of release for three and a half years, his poor health, his close relationship to his children, grandchildren and sister, and his physical disabilities." [Doc. No. 158]

Defendant's appeal to the Tenth Circuit raised a different issue than the appellate issue on which he relied in his March 8, 2012 *Motion for Release Pending Appeal*.  On appeal, Defendant argued that his Sixth Amendment confrontation rights were violated by the granting of the Government's motion in limine prohibiting Defendant from cross-examining a New Mexico Motor Transportation Division inspector about a prior judicial determination, in another case, that the inspector was not credible.   On November 9, 2012, the Tenth Circuit issued an opinion reversing Defendant's conviction and remanding to this Court for further proceedings.

## **DISCUSSION**

Although the Tenth Circuit has issued an opinion reversing and remanding, the Tenth Circuit has not yet issued a mandate.  At this point, therefore, Defendant's renewed motion is still treated as a motion for release pending appeal, and is still governed by the same provisions as before, 18 U.S.C. §§ 3143(b) and 3145(c).

Defendant was convicted of possessing more than 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); he was sentenced to sixty months' imprisonment.  Section 841(b)(1)(B) prescribes a term of imprisonment not less than five years and not more than forty years.  As a defendant convicted of an offense under the Controlled Substances Act with a maximum term of imprisonment of ten years or more, Defendant's motion for release is governed by Section 3143(b)(2):

> (b)(2)  The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

*See* 18 U.S.C. 3142(f)(1)(C) ("an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)").  Although the language of Section 3143(b)(2) requires detention pending appeal, an exception permits release if Defendant meets the requirements for release under Section 3143(b)(1) and shows "clearly" that there are "exceptional reasons" why detention would not be appropriate.  Section 3145(c) provides:

> (c)  **Appeal from a release or detention order.**  . . . .  A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

To be released pending appeal, Defendant is required to show:  (1) that he meets the conditions of release set forth in Section 3143(b)(1); and, in addition, (2) that there are "exceptional reasons" that his detention pending appeal would not be appropriate.  *See United States v. Herrera-Soto*, 961 F.2d 645, 646 (7th Cir. 1992); *United States v. DiSomma*, 951 F.2d 494, 496 (2d  Cir. 1991); *United States v. Peterson*, 185 F.3d 875, 875 (10th Cir. 1999) (per curiam) (unpublished).

The first three conditions of release set forth in Section 3143(b)(1) are not in dispute.  As before, the Government does not dispute that Defendant is not likely to flee, that Defendant is not likely to pose a danger to the safety of another person or the community, and that Defendant's appeal was not taken for the purpose of delay.  [Doc. No. 161, p. 2]  As before, the only questions raised by Defendant's renewed motion for release are:  (I) whether Defendant's appeal raises "a substantial question of law or fact" that is likely to result in reversal or new trial, under Section 3143(b)(1)(B); and (II) whether there are "exceptional reasons" to justify ordering Defendant to be released, under Section 3145(c).

## I.  SUBSTANTIAL QUESTION OF LAW OR FACT

Given the Tenth Circuit's November 9, 2012 Opinion, Defendant has satisfied the requirement under Section 3143(b)(1)(B) that his appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial.  The Court concludes that Defendant meets the conditions of release set forth in Section 3143(b)(1).

## II.  EXCEPTIONAL REASONS

In addition to meeting the conditions of release under Section 3143(b)(1), Defendant is required to "clearly" show "exceptional reasons" that make his detention pending appeal inappropriate.  *See DiSomma*, 951 F.2d at 496 (after court finds threshold requirements of Section 3143(b)(1) are satisfied, court must also find exceptional reasons under Section 3145(c)); *Herrera-Soto*, 961 F.2d at 646 (same).

"[E]xceptional means clearly out of the ordinary, uncommon, or rare."  *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (internal quotation omitted).  An assessment of reasons proffered as the basis for release pending appeal requires a "case by case evaluation."  *DiSomma*, 951 F.2d at 497.  In *DiSomma*, the court concluded that exceptional

circumstances must refer to "a unique combination of circumstances giving rise to situations that are out of the ordinary."  *Id.*  The *DiSomma* court determined in that case that a "most unusual factual and legal situation" justified the district court's finding of exceptional reasons.  *Id.* at 497-98.  "[A] wide range of factors may bear upon the analysis."  *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).  A district court has "broad discretion . . . to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct."  *Id.* (internal quotation omitted).  The question is "whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant."  *Id.* at 1019.

In Defendant's first motion for release pending appeal, he discussed his personal situation—including his strict adherence to conditions of release for three and one-half years, his poor health and physical disabilities, and his close relationship to his children, grandchildren and sister.  In Defendant's renewed motion for release, Defendant expands on these circumstances.

Defendant asserts that he "demonstrated his own belief in his innocence when he turned down an opportunity to considerably reduce his prison time through a debrief."  [Doc. No. 160, p. 2]  Defendant asserts that he could have qualified for safety valve relief if he admitted his guilt and provided information about others' participation in the transportation of marijuana, possibly receiving a "two-offense level-reduction."  [Doc. No. 160, p. 6]  A defendant's maintaining that he is innocent does not, however, rise to the level of a "truly unusual" or "unique" factor.

Defendant characterizes the conduct of which the jury found him guilty as "strikingly aberrational," because his only prior conviction occurred thirty-six years ago.  [Doc. No. 160, p. 7]  But even a complete lack of prior convictions, combined with other factors, has been

determined to be insufficient to clearly show "exceptional reasons."  *See United States v. Lea*, 360 F.3d 401, 403-04 (2nd Cir. 2004) ("There is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination."); *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (per curiam) (reversing district court's finding of "exceptional reasons" based on defendant's lack of criminal history, compliance with pretrial conditions of release, payment of child support, and maintaining employment); *United States v. Wages*, 271 Fed. Appx. 726, 727-28 (10th Cir. 2008) (per curiam) (unpublished) (no "exceptional reasons" when defendant had no prior criminal record, in addition to other facts:  age 53, use of wheelchair, need for special mattress to avoid pain, limited ability to hear, need to care for elderly mother).

Defendant asserts that his age (66) and health problems mean that imprisonment would be unusually harsh, listing numerous problems including Hepatitis C, PTSD as a result of military service in Vietnam, malaise, osteoarthritis, constipation and kidney dysfunction.  [Doc. No. 160, pp. 7-8]   "But it is a rare case in which health conditions present an 'exceptional reason.'"  *Wages*, 271 Fed. Appx. at 728.  The *Wages* Court cites additional cases supporting this conclusion.  *See United States v. Mellies*, 496 F. Supp. 2d 930, 936-37 (M.D. Tenn. 2007) (finding no exceptional reasons in need to care for other family members, combined with ongoing extensive dental treatment involving extraction of all teeth, and observing that dental treatment is available in prison).  Defendant lists many health problems, but medical treatment is available in prison and "there is no indication that defendant's condition cannot be properly treated" at those medical facilities.  *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999).

6

Defendant asserts that his social security and veterans' benefits will be cut off once he begins serving his prison term and that he will then be unable to keep up payments on his trailer, which will be repossessed and leave him no place to live.  [Doc. No. 160, pp. 8-9]  But, although "many courts have noted that, in most instances, incarceration imposes a great burden upon a defendant's family and finances, . . . courts addressing this issue have consistently concluded that personal reasons are not 'exceptional reasons' and will not warrant release under § 3145(c)." *United States v. Miller*, 568 F. Supp. 764, 774-75 (E.D. Ky. 2008); *see United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) ("The Court is not unsympathetic to the financial condition of defendant's minor children; but, unfortunately, family hardship is not an unordinary consequence of incarceration" and is not an exceptional reason).

Defendant asserts that he is "exceptionally unlikely to flee or constitute a danger to the community."  [Doc. No. 160, p. 9]  These are threshold conditions of release under Section 3143(b)(1), however; Section 3145(c) requires Defendant to show "truly unusual" or "unique" factors, in addition to satisfying the threshold conditions under Section 3143(b)(1).  The Court recognizes that the Ninth Circuit has suggested that a court might consider as part of "exceptional reasons" a defendant's demonstration of the threshold factors on a higher standard than the "clear and convincing" standard set by Section 3143(b)(1).  In *Garcia*, the Ninth Circuit suggested that a court might consider whether a "wholly incapacitated defendant, for example, might be entirely unable either to act violently or to abscond."  *Garcia*, 340 F.3d at 1021 & n.6. The Court does not find that Defendant has clearly shown that his circumstances rise to this level, however.

Finally, Defendant asserts that he "has an unusually strong chance of success on appeal." [Doc. No. 160, p. 10]  A threshold condition under Section 3143(b)(1) is a showing of "a

substantial question of law or fact."  Again relying on the Ninth Circuit opinion in *Garcia*, Defendant argues that a stronger showing of a threshold condition under Section 3143(b)(1) can be considered as an exceptional circumstance under Section 3145(c).  *See Garcia*, 340 F.3d at 1021-22 & n.5.  But the Ninth Circuit in *Garcia* sets a lower standard for a "substantial question of law or fact" than the Tenth Circuit.  In *Garcia*, the Ninth Circuit stated that a "substantial question" need only be "a non-frivolous issue" under Ninth Circuit precedent; based on this standard, the *Garcia* Court concluded that a defendant who shows a "likelihood of success on appeal" may have shown an exceptional circumstance by demonstrating the threshold condition on a higher standard.  *Garcia*, 340 F.3d at 1021 n.5.  In contrast, the Tenth Circuit held that a "'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous."  *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985).  The Tenth Circuit held that a "substantial question" is "a 'close' question or one that very well could be decided the other way."  *Id.* (internal quotation omitted).  Since the Tenth Circuit requires a higher standard for a "substantial question," this Court does not find the argument based on *Garcia* compelling.

On the record before this Court, Defendant has made an insufficient showing of "exceptional reasons" under Section 3145(c).  In reaching this conclusion, the Court recognizes that the congressional policy—as embodied in the language of Section 3143(b)(2)—is to presume that defendants convicted of the serious offenses listed in Section 3142(f)(1) should be detained pending appeal. *See Garcia*, 340 F.3d at 1019 (observing that courts should bear in mind "the congressional policy" that these offenders "should not, except in exceptional cases, be released pending appeal").  The language of Section 3145(c) demonstrates congressional intent to impose stringent standards for granting release pending appeal, allowing release only upon a defendant's "clearly" demonstrating "exceptional reasons."  *See id.* at 1016-18 & n.4 (observing

that bill originally included no exception allowing release of these offenders pending appeal, and discussing truly unusual circumstances that might warrant release).  In view of the language and history of Sections 3143(b)(2) and 3145(c)---both of which still control the determination of Defendant's motion---the Court concludes that Defendant has not "clearly" shown the "exceptional reasons" justifying release while his appeal is pending.  Thus, under the current circumstances the Court will deny Defendant's renewed motion for release pending appeal.

<u>**CONCLUSION**</u>

That Court recognizes that upon its receipt of the mandate from the Tenth Circuit, Sections 3143(b) and 3145(c) will no longer apply as they do now.  Defendant is, of course, free to move again for his release at that time.

**IT IS THEREFORE ORDERED** that *Defendant's Renewed Motion for Release Pending Appeal* [Doc. No. 160] is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE

9